**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ZACHERY THORNTON,

        **Plaintiff,**

v.

RANDY SCHOONOVER,
LT. TUTTHILL,
C/O WILLIAMSON,
DANIEL PERSINGER, and
SGT. BRYANT,

        **Defendants.**

**Case No. 25-cv-02198-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Zachery Thornton, and inmate of the Illinois Department of Corrections (IDOC), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Pinckneyville Correctional Center. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on September 14, 2025, Defendants used excessive force against him, even though he was restrained the entire time and compliant with all orders. (Doc. 1, p. 6-8). He

Page 1 of 6

states that he was in the process of being uncuffed from a bench that he was "chained to" and escorted back to his cell when Correctional Officer Persinger approached him and grabbed his neck and head in an "aggressive manner." (*Id.* at p. 6). Persinger then forcefully pushed Plaintiff towards the showers and locked Plaintiff in a shower stall. While Plaintiff was waiting in the shower, Defendants Lieutenant Schoonover, Lieutenant Tutthill, Correctional Officer Williamson, Correctional Officers Persinger, and Sergeant Bryant threatened him with physical harm. Tutthill placed a can of mace inside of the shower stall and threatened to spray Plaintiff with the mace. At the time, Plaintiff was in waist restraints and secured inside the shower and so he posed no threat to anyone. (*Id.*).

Plaintiff was then notified by the porter that he was being moved from A-Wing to C-Wing. (Doc. 1, p. 7). Plaintiff observed a worker retrieving his property. Defendants entered the shower stall, grabbed him, and "forcefully snatch[ed] at [his] clothing." (*Id.*). Schoonover and Williamson choked and dragged Plaintiff and began walking him to C-Wing. While they walked, Schoonover constantly called Plaintiff "retarded" and an "idiot." (*Id.*). Once they arrived outside of C-Wing, Schoonover and Williamson then placed Plaintiff in a chair. (*Id.*). Williamson and Schoonover bent Plaintiff's arms back in an uncomfortable position, and Plaintiff claims that it felt like his arms could break. With both arms bent painfully behind his back, Williamson and Schoonover forced Plaintiff to stand. Tutthill opened the C-Wing door and then the door of cell C14. (*Id.* at p. 7-8). Schoonover grabbed the back of Plaintiff's head and forced him into the cell. (*Id.* at p. 8). Defendants and other correctional officers then entered the cell. Schoonover began to ram Plaintiff's head and face into the wall and window, while the other Defendants punched and kicked Plaintiff. After two to three minutes, the officers left the cell, and Plaintiff was instructed to approach the cell door so that the waist restraints could be removed. Bryant commented to Plaintiff, "You're bleeding a little in the head boy." (*Id.*).

At some point, John Doe, a nurse, came to the cell and informed Defendants that Plaintiff should be outside of the cell for proper treatment. (Doc. 1, p. 8). All Plaintiff received from John Doe was one gauze. (*Id.*).

**PRELIMINARY DISMISSALS**

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To successfully state an Eighth Amendment claim of deliberate indifference, a plaintiff must plead that the defendant knew of a serious risk of harm and consciously disregarded it. *See Giles v. Godinez,* 914 F. 3d 1040, 1049 (7th Cir. 2019).

To the extent Plaintiff is attempting to assert an Eighth Amendment claim for deliberate indifference to a serious medical need such claim fails and is dismissed. First, John Doe is not identified as a defendant in the case caption. The Court will not treat a party not listed in the caption as a defendant, and any claims against John Doe are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Second, as to the named Defendants, there are no allegations from which the Court can plausibly infer that Defendants knew that Plaintiff was in need of further medical care after he was treated by John Doe. Thus, he has failed to state an Eighth Amendment claim for deliberate indifference against Defendants.

**DISCUSSION**

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

**Count 1:**     Eighth Amendment claim for excessive force and/or failure to

Page 3 of 6

intervene against Schoonover, Tutthill, Williamson, Persinger, and Bryant.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Count 1

Plaintiff's allegations that Defendants were involved in the use of force against him on September 14, 2025, while he was restrained and without penological justification are sufficient for Count 1 to proceed against Schoonover, Tutthill, Williamson, Persinger, and Bryant for violating Plaintiff's right to be free from cruel and unusual punishment and/or failing to intervene and prevent the constitutional violation. *See Sanchez v. City of Chicago*, 700 F.3d 919, 925-26 (7th Cir. 2012). ("[I]n a section 1983 action alleging that police violated the plaintiff's Fourth Amendment rights by subjecting him to excessive force, a defendant police officer may be held to account both for his own use of excessive force on the plaintiff…as well as his failure to take reasonable steps to attempt to stop the use of excessive force used by his fellow officers.").

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Schoonover, Tutthill, Williamson, Persinger, and Bryant.

Because Plaintiff's claims involve physical injuries, the Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Page 4 of 6

The Clerk of Court **SHALL** prepare for Schoonover, Tutthill, Williamson, Persinger, and Bryant the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2(b), Defendants should respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and (if applicable) his or her attorney were deemed to have entered into a stipulation that any unpaid costs taxed against the applicant shall be paid from any recovery secured in the action.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days

Page 5 of 6

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 14, 2026**

_____
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.